NOT FOR PUBLICATION                                      (Doc. Nos. 3, 4)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                              :
JEFFREY POPIOLEK,                             :
                                              :
                    Plaintiff,                :
                                              :     Civil No. 15-3291 (RBK/AMD)
            v.                                :
TOWNSHIP OF DEPTFORD, et al.,                 :
                                              :     **OPINION**
                    Defendants.               :
_____       :

**KUGLER**, United States District Judge:

        This matter comes before the Court on the Motion to Dismiss Plaintiff's Complaint of

Defendants Township of Deptford, Officer Todd Graves, Officer Ian McShane, Officer Frank

Newkirk, and Officer Daniel Murphy's (Doc. No. 3), and the Motion to Dismiss of Defendant

Officer Sandra Reid (Doc. No. 4).  For the following reasons, Defendants' motions are granted

as to Count 2 and 3, and the Court declines supplemental jurisdiction over Count 1 and any state

law claims in Count 3.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

        On December 15, 2012, Defendant Christopher Broomall ("Broomall") drove Defendants

James Steffen ("Steffen"), Stephanie Guthrie-Kline ("Gurthrie-Kline"), and Eric Coyle

("Coyle"), collectively referred to herein as the "non-police defendants," to Plaintiff Jeffrey

Popiolek's ("Plaintiff") home in Deptford, New Jersey.  (Compl. ¶ 12, Doc. No. 1.)  Steffen,

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual
allegations as true and construe the complaint in the light most favorable to the Plaintiff."  Phillips v. Cnty. Of
Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  Accordingly, for purposes of this motion, the Court adopts and
accepts as true the facts as pled in the Complaint.

Gurthrie-Kline, and Coyle then entered Plaintiff's home without his permission and proceeded to physically assault Plaintiff and vandalize his property. (Id. ¶ 12.) Plaintiff contacted the Deptford Township Police Department to report the incident, and in response, Officers Sandra Reid ("Reid") and Ian McShane ("McShane") arrived at the scene. (Id. ¶ 14.) Reid and McShane observed Plaintiff's physical injuries and the damage to his home and interviewed Louise Steffen, an eyewitness to the assault and vandalism. (Id. ¶ 15.) For reasons unknown, police officers did not arrest the defendants for the events that took place at Plaintiff's home.

Plaintiff filed in the Superior Court of New Jersey a Complaint bringing three counts. Count I alleges conspiracy to commit assault and battery claim against all the non-police defendants, and claims of civil assault and battery against Steffen, Guthrie-Klein, and Coyle. (Id. ¶¶ 17–18.) Count II alleges a 42 U.S.C. § 1983 claim against Officers Reid and McShane, as well as Officers Todd Graves ("Graves"), Frank Newkirk ("Newkirk"), and Daniel Murphy ("Murphy"), for refusing to arrest the non-police defendants. (Id. ¶ 19.) Count III brings a claim against the Township of Deptford,[2] alleging that it tacitly approves "the use of excessive force against members of the public." (Id. ¶ 23.) On May 12, 2015, Defendants filed a removed the action to this Court. (Doc. No. 1.)

The Defendants have filed motions to dismiss. Having been briefed by the parties, the issues are now ripe for this Court's review.

## II.    LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, "courts

---

[2] Although the Township of Deptford is the Defendant Township in this action, Plaintiff alleges its claims against *Gloucester* Township. (See Compl. ¶¶ 23–25.)

accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips, 515 F.3d at 233).  In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).  Yet, while "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678-79.

To make this determination, a court conducts a three-part analysis.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Santiago, 629 F.3d at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Santiago, 629 F.3d at 131 (quoting Iqbal, 556 U.S. at 680).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common

3

sense." Iqbal, 556 U.S. at 679.  A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible.  Id.

### III.    DISCUSSION

#### A.  Count II – 42 U.S.C. § 1983 Claims against the Defendant Police Officers

Plaintiff alleges that the defendant police officers violated his substantive due process and equal protection rights when they failed to bring charges against the non-police defendants. (Compl. ¶ 19.)  The Court finds that Plaintiff's claim must fail.

At the outset, the Court remarks that Plaintiff has pleaded no facts detailing the actions of Officers Graves, Newkirk, and Murphy.  Indeed, after reading the Complaint, the Court is still unaware how these defendant officers were involved at all.  Without any facts to support Plaintiff's accusations against these officers, Plaintiff's claim against them cannot stand.  See Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

The Court also finds that Plaintiff has not stated a § 1983 claim upon which relief can be granted.  "To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."  Bilbili v. Klein, 249 Fed. App'x. 284, 287 (3d Cir. 2007) (citation omitted).  Therefore, in analyzing a § 1983 claim, a court's first step "is to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all."  Id.

Plaintiff brings a § 1983 claim for the violation of his equal protection rights.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction

that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) he is a member of a protected class and (2) he was treated differently from similarly situated persons.  See id.  Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff's allegations do not come close to stating a cognizable equal protection claim. The only reference to equal protection violation is the conclusory allegation that the officers violated his rights by "depriving [Plaintiff] of the equal protection of the law."  (Compl. ¶ 19.) Plaintiff makes no allegations linking his membership in any class to the officers' failure to arrest his assailants, nor does Plaintiff provide any factual allegations suggesting that the officers' decision was intentionally discriminatory.  As such, the Court dismisses Count II to the extent it alleges a violation of Plaintiff's equal protection rights.

Plaintiff also has not established that the officers violated his due process rights.  The Complaint alleges that the officers did not arrest Plaintiff's assailants even though the officers were aware of the assault.  However, Plaintiff "has no constitutional right or other federal right or guarantee that operates to require the [officers to arrest his assailants]" even if his allegations are true.[3]  See Jones v. Delaney, 610 F. Supp.2d 46, 50 (D.D.C. 2009) (citing DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989)); see also Bilbili, 249 Fed.

---

[3] The Third Circuit has recognized the "state-created danger" theory of liability as an exception to this general rule. "Under this theory, a plaintiff can allege a substantive due process violation under § 1983 by showing that the harm suffered at the hands of third parties was a direct result of state action."  Bilbili v. Klein, 249 Fed. App'x. 284, 297 (3d Cir. 2007). Plaintiff's claim also fails under this theory because the assault had already concluded by the time the officers arrived.  As such, the harm Plaintiff suffered at the hands of his assailants was not a "direct result" of any affirmative actions of the Defendant Officers.

App'x. at 297 ("As a general rule, there is a no affirmative right to governmental protection under the Due Process Clause of the Fourteenth Amendment."). The Defendant Officers' failure to arrest Broomall, Steffen, Guthrie-Klein, and Coyle for assaulting Plaintiff and vandalizing his property does not amount to a civil rights violation capable of being redressed by §1983, and therefore the Court dismisses Count II for failure to state a claim upon which relief can be granted.

### B.  Count III – <u>Monell</u> Claim

Plaintiff next alleges that the Township failed "to adequately train and adequately supervise its police officers in the use of force against members of the public," which amounted to "deliberate indifference" to Plaintiff's constitutional rights. To the extent this claim is brought under federal law,[4] plaintiff must demonstrate that a municipal policy or custom is responsible for his constitutional injury. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); Hill v. Borough of Kutztown, 455 F.3d 225, 245 (3d Cir. 2006). Where there is no underlying constitutional violation, there can be no Monell claim. See Queensbury v. Petrone, No. 14-7230, 2015 WL 4715323, at *4 (D.N.J. Aug. 7, 2015) ("There are no claims remaining in this matter that are based on a constitutional violation. Therefore, Plaintiff's Monell claim must be dismissed."). Having found that no constitutional violation occurred, Plaintiff's Monell claim against the Township of Deptford cannot stand. Count III, to the extent it raises a Monell claim, is dismissed.

### C.  Remaining State Law Claims

The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state

---

[4] It is unclear whether Plaintiff brings this claim under federal or state law. The Court's discussion addresses Count III only to the extent Plaintiff brings it under federal law.

claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)).  No federal law claims remain, and there is no affirmative justification for this Court to retain supplemental jurisdiction over Plaintiff's state law claims in Count 1 and Count 3. As such, this Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff's state law claims are remanded.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED**.  In the absence of a federal claim, the Court declines supplemental jurisdiction over Plaintiff's state law claims in Counts 1 and 3.  Plaintiff's state law claims are therefore **REMANDED** to the Superior Court of New Jersey Law Division – Gloucester County.

Dated:  12/22/2015                                    s/Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge